IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN W. QUICK, #1243617, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-2188-M |
| | ) | |
| CHIEF OF POLICE ROSENBERRY, et al., | ) | |
| Defendants. | ) | |

**AMENDED FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order filed on January 19, 2006, this case has been re-referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is an action brought pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is an inmate presently confined at the Stiles Unit of the Texas Department of Criminal Justice – Correctional Institution Division in Beaumont, Texas. Defendants are Chief of Police Rosenberry, Lt. William Cole, Sgt. Billy Rascoe, and Officer Nathan Baker. The Court did not issue process in this case, pending preliminary screening. On November 28, 2005, the Court issued a questionnaire to Plaintiff, who filed his answers on January 17, 2006.

Statement of the Case: Even when liberally construed, in accordance with Plaintiff's *pro se* status, the complaint is very difficult to understand. It appears Plaintiff is seeking monetary relief for perjury, slander, and "terroristic threats" which allegedly occurred in the course of his criminal prosecution in the 196th Judicial District Court of Hunt County Texas, in Cause No.

No. 22,051. (Complaint at 4 and Answer to Question 1). After a bench trial, the trial court found Plaintiff guilty of the lesser included offense of unlawful restraint of a victim younger than seventeen years. (Answer to Question 1). The trial court also found "true" the indictment's enhancement allegations and sentenced Plaintiff to twenty years imprisonment. The court of appeals affirmed Plaintiff's conviction and sentence. Quick v. State, No. 06-04-00107-CR (Tex. App. -- Texarkana Mar. 17, 2005, no pet.).

    Findings and Conclusions: The Court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). See also 28 U.S.C. § 1915(e)(2)(B).

    Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

    Plaintiff seeks to sue Defendant Rosenberry because he is the Chief of Police for the City of Greenville, and in that capacity he was allegedly responsible for the acts of his subordinates, which included "deeds of a Klan, Neo-nazi, good ole boy style of law enforcement." (Complaint at 4).

To be liable under § 1983, an individual must be personally involved in the acts causing the deprivation of a person's constitutional rights.  See Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983).  Supervisory officials cannot be held vicariously liable for their subordinates' actions under § 1983.  See Monell v. Dep't of Social Servs., 436 U.S. 658, 691-95 (1978); Bigford v. Taylor, 834 F.2d 1213, 1220 (5th Cir. 1988); Thibodeaux v. Arceneaux, 768 F.2d 737, 739 (5th Cir.1985) (per curiam).  Supervisory officials may be held liable only if they (i) affirmatively participate in acts that cause constitutional deprivation, or (ii) implement unconstitutional policies that causally result in plaintiff's injury.  See Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Grandstaff v. City of Borger, 767 F.2d 161, 169-70 (5th Cir. 1985).

The answers to the magistrate judge's questionnaire reflect that Plaintiff cannot meet either of the above standards.  (Answers to Questions 6-8).  Accordingly, Plaintiff's claims against Chief Rosenberry lack an arguable basis in law and should be dismissed with prejudice as frivolous.

Next Plaintiff seeks to sue Lt. Cole and Sgt. Rascoe for aggravated perjury, "terroristic threats towards the Plaintiff" and slander.  (Complaint at 4).  In answer to the questionnaire, Plaintiff alleges for the first time that Lt. Cole "physical[ly] abuse[d him] in trying to obtain a confession to crimes which Plaintiff would never do . . . ."  (Id.).  He states that Lt. Cole demanded a confession while repeatedly slapping him and punching him in the stomach.  (Id.).  With regard to the alleged "terroristic threats," Plaintiff explains that Lt. Cole repeatedly threatened to stage an attempted escape and to shoot him if he did not confess.  (Id.).[1]

---

[1]  A claim that an officer used excessive force against a pretrial detainee is analyzed under the Fourteenth Amendment's due process clause.  Valencia v. Wiggins, 981 F.2d 1440, 1445 (5th Cir.1993) (Fourteenth Amendment's substantive due process standard applied to

3

Before analyzing Plaintiff's excessive force claim, the Court must determine whether he sustained any physical injury as a result of the alleged use of force. See 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner....for mental or emotional injury suffered while in custody without a prior showing of physical injury."). The complaint and answers to the questionnaire do not allege any physical injuries, de minimus or otherwise, as a result of the slapping or punching incident. The Fifth Circuit has held that a prisoner who has not alleged a physical injury is precluded from seeking compensatory damages. See Harper v. Showers, 174 F.3d 716, 719 (5th Cir.1999). Because Plaintiff has failed to allege that he sustained any physical injury as a result of the excessive force incident, his claim fails to state a claim. See Reyes v. McEachern, 123 F. Appx. 150, 151, 2005 WL 361817, *1 (5th Cir. 2005).

Insofar as Plaintiff seeks to recover monetary damages for defamation or slander of his character on the basis of Lt. Cole and Sgt. Rascoe's statements, his claim fares no better. Allegation of an injury solely to a plaintiff's reputation is insufficient to establish liability for civil rights violation under § 1983. See, e.g., Paul v. Davis, 424 U.S. 693, 711-12, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) (interest in reputation alone does not implicate a "liberty" or "property" interest sufficient to invoke due process protection under § 1983); Cinel v. Connick,

---

pretrial detainee's excessive force claim against county jail official). The appropriate inquiry is the same regardless of whether the claim arises under the Eighth Amendment or the Fourteenth Amendment. Id. at 1446; Rankin v. Klevenhagen, 5 F.3d 103, 106 (5th Cir. 1993); Jackson v. Culbertson, 984 F.2d 699, 700 (5th Cir. 1993). Under Hudson v. McMillian, 503 U.S. 1, 8 (1992), the plaintiff must show that the force was not applied "in a good faith effort to maintain or restore discipline," but rather was administered in a malicious and sadistic manner to cause harm. See Bender v. Brumley, 1 F.3d 271 (5th Cir. 1993) (applying Hudson standard in the context of an excessive force claim by a pretrial detainee during interrogation).

4

15 F.3d 1338, 1343 (5th Cir. 1994) (same); Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990) (same); see also Mowbray v. Cameron County, Tex., 274 F.3d 269, 277 (5th Cir. 2001).

Nor can Plaintiff establish the necessary physical injury to sustain a claim for monetary damages for the alleged defamation and slander by Lt. Cole and Sgt. Rascoe. See Harper, 174 F.3d at 719 n. 5; see also Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005). The only injury which Plaintiff could have suffered as a consequence of the perjury, threats, and defamatory or slanderous statements was mental pain and suffering. As a result, § 1997e(e) bars this request for monetary damages as well. See Harper, 174 F.3d at 719; see also Alexander v. Tippah County, 351 F.3d 626, 631 (5th Cir. 2003) (prisoners could not recover for mental or emotional damages absent more than de minimis physical injury).

Lastly Plaintiff contends that Officer Baker testified falsely at his trial. (Complaint at 4 and Answer to Question 5). According to Plaintiff, Officer Baker testified at the examining trial that "he had no evidence to arrest Plaintiff." During Plaintiff's trial, however, "he had way more to say." (Answer to Question 5).

Absolute immunity shields this Defendant from liability for any testimony given at Plaintiff's examining trial and/or trial. In Briscoe v. LaHue, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), the Supreme Court held that all witnesses--police officers as well as lay witnesses--are absolutely immune from civil liability under § 1983, including those who give allegedly perjured testimony during adversarial criminal proceedings. Id. at 334, 103 S.Ct. at

111. See also Moore v. McDonald, 30 F.3d 616 (5th Cir. 1994) (deputy sheriff's testimony in adversarial pretrial suppression hearing was absolutely immune from arrestee's § 1983 claim).[2]

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be dismissed with prejudice as frivolous and for seeking monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and 1915A(b)(1) and (2).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 23rd day of February, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[2] Moreover, Plaintiff cannot bring an action based upon Officer Baker's trial testimony unless the requirements of Heck v. Humphrey, 512 U.S. 477 (1994), are satisfied. Plaintiff concedes that his conviction was affirmed on direct appeal and that he is presently seeking post-conviction relief. (Answer to Question 1).